UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Gerald D. Yingst, III, | ) |
|     Plaintiff, | ) |
| v. | ) No.   14-2062-RWS |
| County of St. Louis, Missouri, | ) **JURY TRIAL DEMANDED** |
| James Vollmer, a police officer, in his individual capacity, and | ) |
| John Doe. | ) |
|     Defendants. | ) |

### FIRST AMENDED COMPLAINT

*Introduction*

1. In this civil rights action under 42 U.S.C. § 1983, Plaintiff, Gerald D. Yingst, III, seeks judgment against Defendant James Vollmer for violation of his rights under the First, Fourth, and Fourteenth Amendments to the Constitution of the United States; violation of the Privacy Protection Act; violation of his rights under the Missouri Constitution; battery; false imprisonment; and conversion. Yingst seeks judgment against Defendant County of St. Louis for its failure to train and supervise Defendant Vollmer. Yingst also seeks judgment against Defendant John Doe for defamation.

*Jurisdiction and Venue*

2. This action arises under the Constitution of the United States, the provisions of 42 U.S.C. § 1983, and Missouri law.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to

1

28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in St. Louis County, Missouri.

6. Venue is proper in the Eastern Division pursuant to E.D. Mo. L.R. 2.07(A)(1).

*Parties*

7. Plaintiff, Gerald Yingst, is a journalist with News2Share.com, a multimedia organization.

8. Defendant John Vollmer is a Lieutenant with the County of St. Louis' Police Department. On November 22, 2014, Vollmer encountered Plaintiff and interacted with him as described in this complaint. Vollmer is sued in his individual capacity only.

9. Defendant County of St. Louis is a municipal corporation duly organized under the laws of the State of Missouri.

10. Defendant John Doe is an employee of the County of St. Louis' Police Department who Plaintiff is not yet able to identify by name. On November 23, 2014, Doe authored and disseminated a tweet about Plaintiff that made false assertions about Plaintiff. Doe is sued in his individual capacity only.

11. Defendants acted under color of state law at all times relevant to this complaint.

*Facts*

12. On August 8, 2014, former Ferguson police officer Darren Wilson killed teenager Michael Brown, sparking protests in Ferguson and nationwide.

13. In the months following the death of Michael Brown, protesters regularly gathered in Ferguson and throughout the St. Louis Metropolitan area to protest and raise

2

awareness of police brutality against African Americans and an American criminal justice system that is stacked against people of color.

14. During the protests, police officers routinely engaged in unconstitutional behavior and implemented unconstitutional policies.

15. In response to the unconstitutional practices employed by the Ferguson police department, Saint Louis County police department, and Missouri Highway Patrol, lawsuits challenging those practices were brought, including cases challenging law enforcement practices (1) preventing individuals from standing for more than five seconds on public streets and sidewalks and (2) interfering with those who were recording police in public places.

16. On October 6, 2014, United States District Judge Catherine D. Perry issued a preliminary injunction in *Abdullah v. County of St. Louis, Missouri*, Case No. 4:14-cv-1436-CDP, enjoining defendants, including County of Saint Louis and its police officers, from "enforcing or threatening to enforce any rule, policy, or practice that grants law enforcement officers the authority or discretion to arrest, threaten to arrest, or order to move individuals who are violating no statute or regulation and who are peaceably standing, marching, or assembling on public sidewalks." A copy of the injunction is attached as Exhibit A.

17. On November 21, 2014, United States District Judge John A. Ross entered a consent judgment in *Hussein v. County of St. Louis, Missouri*, Case No. 4:14-cv-1410-JAR, enjoining "the Defendant County of St. Louis, Missouri, its officers, agents, servants, employees, attorneys, and all other persons under their supervision, or within their control... from interfering with individuals who are photographing or recording at

public places but who are not threatening the safety of others or physically interfering with the ability of law enforcement to perform their duties." A copy of the injunction is attached as Exhibit B.

18. On the night of November 22, 2014, Yingst was in Ferguson, Missouri, reporting on protests near the Ferguson police department.

19. At all times relevant to this complaint, Yingst worked as a Senior Reporter, videographer, and News Director by News2Share.com, and traveled to Ferguson, Missouri, to report on the protests after the killing of Michael Brown.

20. Yingst reported on the protests by filming interactions between protesters and the police.

21. Around 11:30 p.m. on November 22, 2014, St. Louis County police, under the direction of Defendant James Vollmer, attempted to clear protesters from the eastern sidewalk of South Florissant Road to the western sidewalk of South Florissant Road.

22. St. Louis County officers began to yell at protesters to move to the other sidewalk and to clear the street.

23. At this time, Yingst was standing on the eastern sidewalk of South Florissant Road with other journalists and recording law enforcement's attempt to move protesters across the street.

24. After a brief period of yelling at protesters to clear the eastern sidewalk and street, Defendant Vollmer pointed at Yingst and a few subordinate patrolmen moved towards Yingst, partially surrounding him.

25. As the patrolmen surrounded him, Yingst, fearing imminent arrest, told Defendant Vollmer, "Sir, I'm just standing on a public sidewalk."

4

26. Defendant Vollmer then told his subordinate patrolmen to "lock him up."

27. At Vollmer's direction, the patrolmen handcuffed Yingst and placed him under arrest.

28. While officers were arresting Yingst, he asked them, "Why are you arresting me?" The arresting officers proffered no response.

29. When Yingst was arrested, he was standing on a public sidewalk and recording law enforcement officers.

30. Protesters and other reporters who were standing alongside Yingst on the sidewalk, as well as those in the street, were not arrested.

31. Defendant Vollmer knew at all times that Yingst was a member of the media and was recording the protests.

32. Defendant Vollmer knew that Yingst was lawfully standing on a public sidewalk.

33. Defendant Vollmer knew that Yingst was not a part of an unlawful assembly.

34. Yingst was detained overnight.

35. Yingst was arrested and booked for an alleged "Unlawful Assembly" in violation of Missouri Revised Statute § 574.040.

36. Missouri Revised Statute § 574.040 provides that:

> A person commits the crime of unlawful assembly if he knowingly assembles with six or more other persons and agrees with such persons to violate any of the criminal laws of this state or of the United States with force or violence.

37. Defendant Vollmer lacked arguable probable cause to cause Yingst's arrest.

38. A reasonable officer would have known that the arrest of Yingst violated not only the United States Constitution, the Missouri Constitution, and state law, but also the preliminary injunction in *Abdullah* and the *Hussein* consent judgment.

39. No reasonable officer would have believed that Defendant Vollmer had probable cause to cause Yingst's arrest.

40. True and accurate depictions of Yingst's arrest and the surrounding circumstances are filed herewith as Exhibits C & D, and are incorporated herein by reference.

41. After Yingst was arrested, John Doe, an employee of the St. Louis County Police Department, tweeted, "@TreyYingst reporter from D.C. taken into custody for failure to disperse. Was asked to leave street by the commander and refused. #Ferguson."

42. The tweet identified Yingst using his official Twitter handle. Yingst currently has 2,022 Twitter followers.

43. John Doe posted the tweet to the St. Louis County Police Department's official Twitter page. A screenshot of the tweet is attached as Exhibit E.

44. John Doe publicly disclosed this information knowing that it was false.

45. As of December 11, 2014, the tweet has not been deleted from the St. Louis County Police Department's Twitter account by John Doe and the tweet remains on its Twitter feed.

46. As of December 11, 2014, the tweet has been retweeted 239 times and favorited 97 times. It has elicited 21 replies.

47. News2Share's readers are avid Twitter users and many of them read and follow the St. Louis County Police Department's Twitter account.

48. Yingst's reputation as a journalist was harmed by John Doe's false statement on the St. Louis County Police Department's Twitter account.

## COUNT I
*42 U.S.C. § 1983 - First Amendment*
*Against Defendant Vollmer*

49. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

50. Defendant Vollmer violated Plaintiff's rights, under the First Amendment, to freedom of the press and freedom of speech by interfering with Plaintiff's ability to gather information and cover a matter of public interest as a member of the media.

51. Observing and recording public protests, and the police response to those protests, is a legitimate means of gathering information for public dissemination that is protected by the freedom of speech and freedom of the press clauses of the First Amendment.

52. Defendant Vollmer engaged in these unlawful actions willfully and knowingly, acting with reckless or deliberate indifference to Plaintiff's First Amendment rights.

WHEREFORE, Plaintiff prays this Court:

    A.    Enter judgment in favor of Plaintiff and against Defendant Vollmer;

    B.    Award Plaintiff compensatory damages against Defendant Vollmer for violation of Plaintiff's constitutional rights under color of law;

    C.    Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D.    Allow such other and further relief as the Court deems just and proper.

## COUNT II
*42 U.S.C. § 1983 - Fourth Amendment Search and Seizure*
*Against Defendant Vollmer*

53. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

54. Plaintiff has a right under the Fourth Amendment to be free from unreasonable searches and seizures.

55. Defendant Vollmer violated Plaintiff's clearly established right to be free from unlawful searches and seizures when he caused Plaintiff's arrest, seized his camera, and detained Plaintiff, all without probable cause to believe that Plaintiff had engaged in criminal activity or committed any crime.

56. Defendant Vollmer engaged in these actions willfully and knowingly, acting with deliberate indifference to Plaintiff's Fourth Amendment rights.

WHEREFORE, Plaintiff prays this Court:

    A.    Enter judgment in favor of Plaintiff and against Defendant Vollmer;

    B.    Award Plaintiff compensatory damages against Defendant Vollmer for violation of Plaintiff's constitutional rights under color of law;

    C.    Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D.    Allow such other and further relief as the Court deems just and proper.

## COUNT III
*42 U.S.C. § 2000aa - Privacy Protection Act*
*Against Defendant Vollmer*

57. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

58. After arresting Plaintiff, Defendant Vollmer seized Plaintiff's camera.

59. Plaintiff's recording was work product material related to his employment as a journalist.

60. As a journalist, Plaintiff has a purpose to disseminate to the public online.

61. Plaintiff works for a multimedia news agency, and dissemination of his work involves and affects interstate commerce.

62. There was not probable cause to believe that Plaintiff had committed or was committing any crime.

63. There was no reason to believe that the immediate seizure of Plaintiff's video camera was necessary to prevent the death of, or serious injury to, a human being.

64. As a direct and proximate result of the seizure of Plaintiff's camera by Defendant Vollmer, Plaintiff suffered actual damages.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendant Vollmer;

    B. Award Plaintiff compensatory damages against Defendant Vollmer for violation of the Privacy Protection Act;

    C. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 2000aa-6 and any other applicable provisions of law; and

    D. Allow such other and further relief as the Court deems just and proper.

**COUNT IV**
*42 U.S.C. § 1983 - Failure to Supervise and Train*
*Against Defendant County of St. Louis*

65. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

66. Prior to November 22, 2014, Defendant County developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in Ferguson, which caused the violation of Plaintiff's rights.

67. At the time of Plaintiff's arrest, it was the St. Louis County Police Department's custom or policy to obstruct or prevent members of the media from recording protests in public locations and the police response to such protests, in violation of the First and Fourteenth Amendments.

68. At all times relevant to this complaint, Defendant County was aware that Defendant Vollmer was inadequately trained regarding the First Amendment; nevertheless, Defendant County maintained a custom or policy of failing to provide its police officers training or adequate supervision on the First Amendment.

69. It was the custom or policy of Defendant County to inadequately supervise and train its police officers, thereby failing to prevent the constitutional violations against Plaintiff.

70. Defendant County's customs and policies demonstrate deliberate indifference to the constitutional rights of persons within St. Louis County and caused the violation of Plaintiff's rights alleged herein.

71. Plaintiff intends to continue his career as a professional journalist by photographing and reporting on newsworthy protests from public locations, including activities in St.

Louis County, but fears further obstruction, harassment, and detention by Defendant County's police officers. That fear makes it more difficult for him to gather news for dissemination to the public and interferes with him doing his job effectively.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendant County;

    B. Issue an injunction requiring Defendant County to develop and implement adequate training programs for its police officers about individuals' rights under the First and Fourteenth Amendments;

    C. Award Plaintiff compensatory damages against Defendant St. Louis County for its violation of Plaintiff's constitutional rights under color of state law;

    D. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    E. Allow such other and further relief as the Court deems just and proper.

## COUNT V
*State Law Claim - Declaratory Judgment*
*Against All Defendants*

72. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

73. By reason of their conduct, Defendant Vollmer and Defendant St. Louis County deprived Plaintiff of his rights to freedom of speech under Article I, Section 8, of the Missouri Constitution and to freedom from arrest without probable cause under Article I, Section 15, of the Missouri Constitution.

74. Defendant Vollmer acted with reckless and callous indifference to Plaintiff's rights under Article I, Sections 8 and 15, of the Missouri State Constitution.

75. The unconstitutional policies and customs of Defendant County of St. Louis were the moving force behind Defendant Vollmer's violation of Plaintiff's state constitutional rights on August 20, 2014.

76. As a direct and proximate result of Defendant Vollmer's actions, Plaintiff sustained damages, including physical, psychological, and professional injuries.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendants;

    B. Award Plaintiff compensatory damages against Defendants for their violation of Plaintiff's state constitutional rights;

    C. Award Plaintiff punitive damages against Defendant Vollmer for his violation of Plaintiff's state constitutional rights; and

    D. Allow such other and further relief as the Court deems just and proper.

### COUNT VI
*State Law Claim - False Imprisonment*
*Against Defendant John Vollmer*

77. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

78. Defendant Vollmer knowingly restrained Plaintiff against his will and without legal justification.

79. Plaintiff was confined overnight, and his confinement was caused by Defendant Vollmer.

80. Defendant Vollmer intended to cause a confinement of Plaintiff.

81. Plaintiff was aware of his confinement by Defendant Vollmer.

82. Defendant Vollmer's actions were a direct and proximate cause of the injury and harm suffered by Plaintiff.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendant Vollmer;

    B. Award Plaintiff compensatory damages against Defendant Vollmer;

    C. Award Plaintiff punitive damages against Defendant Vollmer for false imprisonment of Plaintiff; and

    D. Allow such other and further relief as the Court deems just and proper.

### COUNT VII
*State Law Claim - Battery*
*Against Defendant John Vollmer*

83. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

84. In the course of Defendant Vollmer's unlawful arrest of Plaintiff, Defendant Vollmer ordered that Plaintiff be forced into handcuffs behind his back.

85. Plaintiff did not consent to the unlawful offensive contact by Defendant Vollmer.

86. Plaintiff sustained damages as a result of Defendant Vollmer's intentional offensive contact with his person.

87. Defendant Vollmer's actions were willful and wanton and showed a reckless indifference to the rights of others, including the rights of Plaintiff.

88. Defendant Vollmer caused Plaintiff bodily harm.

89. Plaintiff found the physical contact offensive.

90. A reasonable person would find the physical contact offensive.

91. Defendant Vollmer's actions were a direct and proximate cause of the physical harm and emotional pain suffered by Plaintiff.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendant Vollmer;

    B. Award Plaintiff compensatory damages against Defendant Vollmer;

    C. Award Plaintiff punitive damages against Defendant Vollmer; and

    D. Allow such other and further relief as the Court deems just and proper.

### COUNT VIII
*State Law Claim - Conversion*
*Against Defendant John Vollmer*

92. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

93. Plaintiff was the rightful owner of his camera, flash, film, and lenses.

94. Defendant Vollmer tortiously took Plaintiff's camera, flash, film, and lenses following his arrest.

95. Defendant Vollmer refused to return Plaintiff's camera, flash, film, and lenses upon Plaintiff's demand.

96. Defendant Vollmer's actions were a direct and proximate cause of the physical harm and emotional pain suffered by Plaintiff.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendant Vollmer;

    B. Award Plaintiff compensatory damages against Defendant Vollmer;

    C. Award Plaintiff punitive damages against Defendant Vollmer; and

    D. Allow such other and further relief as the Court deems just and proper.

**COUNT IX**
*State Law Claim - Defamation*
*Against Defendant John Doe*

97. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

98. Defendant Doe published, on the Saint Louis County Police Department's Twitter account, that Plaintiff had been arrested and that the arrest was a result of Plaintiff's (1) being in the street and (2) noncompliance with Defendant Vollmer's orders.

99. The statement made by Defendant Doe via Twitter concerned Plaintiff.

100. Defendant's statement concerning Plaintiff was false.

101. Plaintiff is not a public figure.

102. At least 239 other individuals read Defendant Doe's statement.

103. Plaintiff's reputation as a journalist was injured by Defendant Doe's false statement.

104. The statement was published by Defendant Doe with actual malice or, in the alternative, negligently.

WHEREFORE, Plaintiff prays this Court:

   A. Enter judgment in favor of Plaintiff and against Defendant Doe;

   B. Award Plaintiff compensatory damages against Defendant Doe; and

   C. Allow such other and further relief as the Court deems just and proper.

Respectfully submitted,


/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
GRANT R. DOTY, #60788MO
ANDREW J. MCNULTY #67138MO
ACLU of Missouri Foundation
454 Whittier Street
St. Louis, Missouri 63108
Phone: (314) 652-3114
Fax: (314) 652-3112
trothert@aclu-mo.org
gdoty@aclu-mo.org

GILLIAN R. WILCOX, #61278MO
ACLU of Missouri Foundation
3601 Main Street
Kansas City, Missouri 64111
Phone: (816) 470-9938
gwilcox@aclu-mo.org

ATTORNEYS FOR PLAINTIFF

<u>Certificate of Service</u>

I certify that a copy of the foregoing was served upon defendants by emails and First Class mail to their attorney as set forth below on January 28, 2015:

>Michael Shuman
>Associate County Counselor
>41 South Central Avenue
>St. Louis, MO 63105
>Email: MShuman@stlouisco.com

<u>/s/ Anthony E. Rothert</u>