UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| Gerald D. Yingst, III, | ) | |
|---|---|---|
| Plaintiff, | ) | Cause No. 4:14-cv-02062-RWS |
| v. | ) | |
| St. Louis County, Missouri, et al. | ) | |
| Defendants. | ) | |

## JOINT ANSWER OF DEFENDANTS ST. LOUIS COUNTY AND JAMES VOLLMER

Comes now Defendants St. Louis County, Missouri ("County") and James Vollmer ("Vollmer"), and in response to the Amended Complaint plead as follows:

Introduction

1. Defendants neither admit nor deny the allegations of Paragraph 1 as they constitute the legal conclusions of Plaintiff. To the extent further response is deemed necessary, Defendants deny the allegations.

Jurisdiction of Venue

2. Defendants neither admit nor deny the allegations of Paragraphs 2 through 6 as they constitute the legal conclusions of Plaintiff. To the extent further response is deemed necessary, Defendants deny the allegations.

Parties

3. Defendants lack sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 7, and so deny them.

1

4. Defendants admit that John Vollmer is a lieutenant with the St. Louis County Police Department, but deny the remainder of the allegations of Paragraph 8.

5. Defendants state that St. Louis County, Missouri is a charter county of the State of Missouri, and not a municipal corporation as alleged in Paragraph 9.

6. Defendants make no responsive pleading to the allegations concerning Defendant John Doe in Paragraph 10.

7. Defendants admit the allegations of Paragraph 11.

Facts

8. Defendants neither admit nor deny the allegations of Paragraphs 12 and 13 as they constitute the legal conclusions of Plaintiff. To the extent further response is deemed necessary, Defendants deny the allegations.

9. Defendants deny the allegations of Paragraph 14.

10. Defendants neither admit nor deny the allegations of Paragraphs 15 and 17 as they constitute the legal conclusions of Plaintiff. To the extent further response is deemed necessary, Defendants deny the allegations.

11. Defendants lack sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraphs 18 through 20, and so deny them.

12. Defendants admit the allegations of Paragraphs 21 and 22.

13. Defendants lack sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraphs 23 through 30, and so deny them.

14. Defendants deny the allegations of Paragraphs 31 through 33.

15. Defendants admit the allegations of Paragraphs 34 through 36.

16. Defendants deny the allegations of Paragraphs 37 though 39.

17. Defendants lack sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 40, and so deny them.

18. Defendants make no responsive pleadings to the allegations concerning Defendant John Doe, as set out in Paragraphs 41 through 46. To the extent responsive pleading is required, the allegations are denied.

19. Defendants lack sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 47, and so deny them.

20. Defendants make no responsive pleadings to the allegations concerning Defendant John Doe, as set out in Paragraph 48. To the extent responsive pleading is required, the allegations are denied.

Count I – First Amendment v. Vollmer

21. Vollmer repeats his responsive pleadings to the allegations repeated in Paragraph 49.

22. Vollmer denies the allegations of Paragraph 50.

23. Vollmer neither admits nor denies the allegations of Paragraph 51 as they constitute the legal conclusions of Plaintiff. To the extent further response is deemed necessary, Defendants deny the allegations.

24. Vollmer denies the allegations of Paragraph 52.

   *As his Affirmative Defenses to Count I, Vollmer states that he had probable cause to arrest Plaintiff; and he is qualifiedly immune to the allegations of Count I.*

Count II – Fourth Amendment v. Vollmer

25. Vollmer repeats his responsive pleadings to the allegations repeated in Paragraph 53

26. Vollmer neither admits nor denies the allegations of Paragraph 54 as they constitute the legal conclusions of Plaintiff. To the extent further response is deemed necessary, Defendants deny the allegations.

27. Vollmer denies the allegations of Paragraphs 55 and 56.

*As his Affirmative Defenses to Count II, Vollmer states that he had probable cause to arrest Plaintiff; and he is qualifiedly immune to the allegations of Count II.*

Count III – Privacy Protection Act v. Vollmer

28. Vollmer repeats his responsive pleadings to the allegations repeated in Paragraph 56.

29. Vollmer denies the allegations of Paragraph 58.

30. Vollmer lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 59 through 61, and so deny them.

31. Vollmer denies the allegations of Paragraph 62 through 64.

*As his Affirmative Defenses to Count III, Vollmer states that he had probable cause to arrest Plaintiff; and he is qualifiedly immune to the allegations of Count III.*

Count IV – Failure to Train/Supervise v. County

32. Vollmer repeats the responsive pleadings to the allegations repeated in Paragraph 65.

33. County denies the allegations of Paragraphs 66 through 70.

34. County lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 71, and so denies them.

Count V – Declaratory Judgment v. County and Vollmer

35. Defendants repeat the responsive pleadings to the allegations repeated in Paragraph 72.

36. Defendants deny the allegations of Paragraphs 73 through 76.

37. Defendants deny the allegations of Paragraphs 73 through 76.

Count VI – False Imprisonment v. Vollmer

38. Vollmer repeats the responsive pleadings to the allegations repeated in Paragraph 77.

39. Vollmer denies the allegations of Paragraph 78.

40. Vollmer admits the allegations of Paragraphs 79 and 80.

41. Vollmer lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 81, and so denies them.

42. Vollmer denies the allegations of Paragraph 82.

*As his Affirmative Defense to Count VI, Vollmer states that he had probable cause to arrest Plaintiff.*

Count VII – Battery v. Vollmer

43. Vollmer repeats the responsive pleadings to the allegations repeated in Paragraph 83.

44. Vollmer denies the allegations of Paragraphs 84 through 88.

45. Vollmer lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 89, and so denies them.

46. Vollmer denies the allegations of Paragraphs 90 and 91.

*As his Affirmative Defense to Count VII, Vollmer states that he had probable cause to arrest Plaintiff.*

Count VIII – Conversion v. Vollmer

47. Vollmer repeats the responsive pleadings to the allegations repeated in Paragraph 92.

48. Vollmer lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 93, and so denies them.

49. Vollmer denies the allegations of Paragraphs 94 through 96.

*As his Affirmative Defense to Count VIII, Vollmer states that he had probable cause to arrest Plaintiff; and that any seizure of property effected was made during the course of a lawful arrest.*

WHEREFORE, having fully answered and asserted their affirmative defenses, Defendants ask the Court to dismiss the Amended Complaint, and for such other relief as the Court deems appropriate in the circumstances.

Peter J. Krane
County Counselor

 /s/ Michael A. Shuman
Michael Shuman, #MO32418
Assistant County Counselor
41 South Central Avenue, 9th Floor
Clayton, MO 63105
314-615-7042
314-615-3732 (fax)
mshuman@stlouisco.com
*Attorneys for Defendant St. Louis County and James Vollmer*

**Certificate of Service**

A copy of the foregoing electronically filed on February 5, 2015.

 /s/ Michael Shuman
Michael Shuman